IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| VS | : | 05-cr-100-2 RWR |
| **DAVID WILSON** | : | |

**MOTION FOR CONSIDERATION OF STILL PENDING MOTIONS, FOR A NEW TRIAL AND FOR A JUDGMENT OF ACQUITTAL**

David Wilson, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure and the United States Constitution, for consideration of still pending motions to dismiss counts or for a mistrial, a motion for a new trial and/or a motion for a judgment of acquittal notwithstanding the verdict. In support of this motion, counsel states:

1. Mr. Wilson was found not guilty by the jury of Counts 1, 2, 3, 32, 34, 35, 36, 47, 48, 49, and 54. He was found guilty by the jury on November 28, 2007 as to the charges of unlawful distribution of crack cocaine (Counts 4, 6, 11, 16, 18, 19, 20, 21), unlawful use of a communication facility (telephone) (Count 55) and "aiding and abetting the first degree murder"[1] of Sabrina Bradley and Ronnie Middleton (Counts 31 and 33)[2].

2. The Court enlarged time for filing of post trial motions pursuant to the Federal Rules of Criminal Procedure 29 and 33 to include March 7, 2008. See Transcript of 11/28/07.

---

[1] Counsel does not have a copy of the final verdict form for counts 31 and 33 (it does not appear to be filed in the docket) but believes that the charge on the final verdict form was listed as such.

[2] Counsel would note that the following government civilian witnesses provided evidence related to these counts – Bobby Capies, Kairi Kellibrew, Damien Green, James Faison, Patrice Johnson, Renee Cottingham, Torran Scott. There was no eye witness to the murders. The government's theory was that in August 1998, LT (Antonio Roberson), Draino (Antoine Draine) and Mr. Wilson drove to the block looking for Ronnie Middleton to kill him for killing Maurice Dolman in 1993 and that LT shot the Ford Bronco up that Ronnie Middleton and Sabrina Bradley were sitting in.

3.    The defense moves for consideration of the still pending motions related to *Brady* and *Napue* violations made by the government in this matter, both of with relate to testimony and withheld evidence related to pending counts 31 and 33 and counsel incorporates those arguments by reference in this motion. *Exhibit 1 (Motion Docket # 947 and Exhibits and Reply) and Exhibit 2 (Motion Docket # 986 and Exhibits and Supplement).* Counsel requests dismissal of the Counts 31 and 33 or for a mistrial on those counts for the basis stated in those motions, which were filed before the verdict on those counts.

4.    Counsel moves for a new trial on Counts 31 and 33, due to the considerable *Brady* material that was undisclosed until midtrial and found by counsel after trial, because the interests of justice so require. *Federal Court Rule of Criminal Procedure* 33. Counsel incorporates by reference the *Brady* evidence withheld that was the subject of the motions, *supra* paragraph 3, and the clearly perjurious and uncorrected testimony of Damien Green aka Old Face, who testified consistent with his prior testimony, just by substituting Mr. Wilson for another person in various criminal incidents. See Exhibit 1 and 2. Also, the defense has discovered additional *Brady* material that should have been disclosed to the defense prior to trial. After a post trial interview with Tommy Edelin and his attorney Sebastian Graber, Mr. Graber graciously reviewed the file provided to him by Mr. Edelin's trial counsel and provided undersigned counsel with a copy of Bates stamped discovery from *United States v Tommy Edelin* regarding the murder of Maurice Dolman aka Reece. See Exhibit 3. Contained in this discovery, there are multiple alternative theories for the death of Maurice Dolman:

(1) that Squid killed him (the government's theory here at trial)

(2) that Shawn killed him (as told to homicide detectives by Antwanne Norwood Johnson aka Cooler) - Bates Stamped 2930,2931

(3) that Antwanne Johnson aka Cooler killed him (as told by Squid to Korey Watkins who relayed this to homicide detectives) - Bates Stamped 2929

(4) that Asay (aka Calvin Smith, a charged codefendant of Kevin Gray and not a known associate of Tommy Edelin) killed him (as told by Maurice Willis, who claimed to have

been shot by Antwann Ball and his brother Kairi Ball because of that murder[3]) - Bates Stamped 2928

None of the evidence pertaining to these three alternative theories for the murder of Mr. Doleman was disclosed to the Wilson defense team before or during trial.  Each of these different factual scenarios rebuts the motive evidence for the shooting of Ronnie Middleton aka Squid (and his girlfriend Sabrina Bradley) that David Wilson was looking for and trying to kill Ronnie Middleton for years because he had killed Maurice Dolman, Mr. Wilson's alleged play brother.  All of this should have been disclosed in time for the defense to investigate it prior to trial on these charges.

Failure to disclose impeachment information, such as the substantial evidence impeaching the government's theory that Squid killed Reese, is the same, under *Brady*, as the failure to disclose exculpatory information, such as the evidence that Joe Joe and Aman killed Squid and Sabrina.[4]  When newly discovered evidence is based on evidence that should have been but was not disclosed pursuant to the *Brady* doctrine, a defendant does not need to meet this same standard for obtaining a new trial.  As the Supreme Court has noted:

> The fact that such evidence was available to the prosecutor and was not submitted to the defense places it in a different category than if it had simply been discovered from a neutral source after trial.  For that reason the defendant should not have to satisfy the severe burden of demonstrating that the newly discovered evidence probably would have resulted in an acquittal[5].

---

[3] Counsel would note that this is the same shooting for which the government called Bradley Carter in this trial.  Mr. Carter is also the witness who provided the govenrment with the identity of the people seen at the homicide scene of Ronnie Middleton and Sabrina Bradley by Teeny Man (aka Michael Smith) who claimed to have been in the back of the Ford Bronco – namely Joe Joe (Joseph Jones – also alleged by the government to be shooting at Maurice Willis) and Aman (Ball).  See Exhibit 1 to this Motion.

[4] *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Sykes v. United States*, --A.2d.-- 2006 WL 564050, at *8  (D.C. March 9, 2006) ("[T]he grand jury testimony of Mr. Parrott and Mr. Sellers should have been disclosed to the defense at an earlier point in time, whether it was considered to be potentially exculpatory information or favorable impeaching evidence.").

[5] Here, the standard that the defense must meet is that it is in the interests of justice.  Rule 33.

*United States v. Agurs*, 427 U.S. 97, 111 (1976).  When a prosecutor fails to timely disclose *Brady* material, the defendant's convictions must be reversed if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence[6] in the outcome."  *United States v. Bagley*, 473 U.S. 667, 682 (1985).  Disclosure of this evidence would have resulted in a markedly weaker case for the prosecution and a markedly stronger one for the defense. "Evidence that impeaches the [government's witnesses] is almost invariably 'favorable' to the accused because by making the government's case less credible it enhances the defendant's chances of acquittal."  *In Re Sealed Case,* 185 F.3d 887, 893 (D.C. Cir. 1999).  *See United States v. Pelullo*, 105 F.3d 117 (3rd Cir. 1997)(non disclosed evidence of three witnesses material since credibility of witnesses central to government's case); *United States v. Fisher*, 106 F.3d 622 (5th Cir. 1997)(any evidence tending to discredit essential witness's testimony would have been valuable to the defense).

5. Counsel also moves this Court for disclosure of any information in the government's possession regarding each of the above named persons, to assist in defense investigation of this material.

6. The defense also renews its motion for acquittal and asks the court to consider this motion as to Counts 4, 6, 11, 16, 18, 19, 20, 21, 31, 33 and 55 not withstanding the verdicts of the jury.  Counsel joins in the arguments made by co-defendants related to proving that the controlled substances were cocaine base also known as crack.

---

[6] The "somewhat delphic 'undermine confidence' formula suggests that reversal might be warranted in some cases even if there is less than an even chance that the evidence would produce an acquittal." *United States v. Sepulveda, 15 F.3d 1216, 1220 (1st Cir. 1993)*; see also *United States v. Cunan, 152 F.3d 29, 34 (1st Cir. 1998)* (explaining a petitioner may be entitled to a new trial under Brady without convincing the court of the certainty of a different outcome).

WHEREFORE, for the reasons presented above, and for such other grounds that the Court sees as appropriate, David Wilson respectfully requests that this motion be granted.

Respectfully submitted,

_____/s/_____
JENIFER WICKS
Bar No. 465476
Law Offices of Jenifer Wicks
The Webster Building
503 D Street, N.W., Suite 250A
Washington, D.C. 20001
(202) 393-3004