IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Criminal No.: 05 – 100 - 3 (RWR) |
| | : |
| GREGORY BELL | : |
| | : |
| Defendant | : |

<u>MEMORANDUM IN AID OF RESENTENCING</u>

Defendant, Andre Allen, through undersigned counsel, respectfully submits this memorandum to aid the Court in sentencing.

BACKGROUND

Mr. Bell was charged via indictment with, *inter alia,* violating violating 18 USC §1962(d); commonly known as the RICO statute the RCIO Conspiracy and with Conspiracy to possess and distribute 50 grams or more of cocaine base in violation of 21 USC §846 and 21USC §841, *et seq*.  The indictment also charged Mr. Bell with multiple counts of various drug related crimes.  After ten months of trial in which the jury heard evidence from the government and Mr. Bell the jury deliberated several weeks of and acquitted Mr. Bell of all but three counts that involved the distribution of small quantities of crack cocaine.

ARGUMENT

The factors to be considered by the court at the time of sentencing are found at 18 U.S.C. 3553 this Court must consider the following factors as it imposes a sentence upon Mr. Bell, (1) the nature and circumstances of the offense and the history and characteristics of the

defendant, (2) the need for the sentence imposed, considering that the sentence should reflect the seriousness of the offense such that it promotes respect for the law and provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (3) the kinds of sentences available and (4) the kinds of sentences and the sentencing range established by the sentencing guidelines.

The Court must consider the Federal Sentencing Guidelines, however as the Court knows the guidelines are no longer mandatory, and the Court is free to impose a sentence unfettered by the voluntary guidelines.

<u>The Nature and Circumstances of the offense:</u>

Mr. Bell was found guilty of Counts 5, 9 and 12.  Count 5 alleged unlawful distribution of crack cocaine, 2.5 grams, on June 5, 2000, Count 9 alleged unlawful distribution of crack cocaine, 1 gram on July 27, 2000, and Count 12 alleged unlawful distribution of crack cocaine, 1.5 grams on November 16, 2000.  Combined Mr. Bell was found guilty of distributing 5 grams.  Significantly, there were no violence or weapons involved in counts 5, 9 and 12.   Although the government considers the crimes for which Mr. Bell was acquitted as part of the nature and circumstances of the offense they're position is without merit.  While the government is free to argue that the acts of the alleged conspiracy should be considered as relevant conduct under the guidelines, 18 U.S.C. 3553 requires that the Court considers that fact and circumstances of the convicted conduct.

<u>The history and characteristics of the defendant</u>

Mr. Bell has one prior conviction from many years ago. He was sentenced under the Youth Rehabilitation Act. Since that time Mr. Bell has no convictions. However, since his youth Mr. Bell has lived and worked legitimate jobs in the Congress Park neighborhood. Contrary to the government's assertions Mr. Bell lived there with his mother, at times with his father and other times with the mothers of his children. As testified to by credible witnesses, Mr. Bell began working in Congress Park several years ago. He started out by selling clothes from the back of his van. Later he worked with a security company and then worked with construction crews that were working to revitalize the Congress Park neighborhood. The government sponsored witnesses of worse kind to attempt to prove that Mr. Bell was part of their conspiracy. Mr. Bell used the money he legitimately earned to care for and support his children and their mothers. Mr. Bell presented several witnesses on his behalf, much of what these witnesses had to say about Mr. Bell and his character was objected to by the government. As a result much of what these witnesses had to say about Mr. Bell was kept from the court. As several of the witnesses attempted to say at trial, Mr. Bell worked very hard to help "fix up" Congress Park. As mentioned earlier he worked with construction crews who were working to revitalize Congress Park. He also started his own tow truck business using the money he received from a lawsuit to purchase two tow trucks. He also used a portion of the money he received in the lawsuit to pay for playground equipment that he and others used to construct a playground. If permitted Mr. Bell's witnesses would have told the Court about the many positive things Mr. Bell contributed to Congress Park.

The Need for the Sentence Imposed

The government is asking that this Court sentence Mr. Bell to 292 months of incarceration, for distributing 5 grams of crack cocaine.  They claim that such a draconian sentence is justified by conduct they failed to prove.  This Court should not impose such a sentence where a jury has rejected the government's claims.  To do so would be to supplant the jury's judgment with that of the assistant united states attorneys, who decide what charges to bring.

The government seeks in excess of a 20 level enhancement of the Federal Sentening Guidelines.  This request is not supported by the facts of this case nor the law.  See, *United States v. Jordan*, 256 F.3d 922, 927-28 (9th Cir. 2001); See also *United States v. Dare*, 425 F.3d 634 (9th Cir. 2005); *United States v. Watts*, 519 U.S. 148, 156 (1997); and *Gall v. United States*, 128 S. Ct. 586 (2007).

Pursuant to *Gall* in determining the appropriate sentence a federal district court should follow these procedures.

The district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range.  In an attempt to secure nationwide consistency in sentencing the guidelines should be the starting point and the initial bench mark.

However, the Guidelines are not the only consideration. *Id.* at 596.

Subsequent to both parties arguing for whatever sentence they deem appropriate, the District Judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by the party. In so doing, Court may not presume that the Guidelines' range is reasonable.  The Court must make an individualized assessment based on the facts presented the instant circumstances *Id.* at 596-597.

Where the Court decides that an "outside-Guideline" sentence is warranted, the Judge must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id.* at 597. After determining an appropriate sentence, the Court must adequately explain the sentence it will impose to allow for meaningful appellate review and to promote the perception of fair sentencing. *Id.*

In *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the Supreme Court held that while a district court must include in its consideration the guideline range as well as an array of factors and give respectful consideration to the guidelines, and the Court may vary its sentence based solely on policy considerations, including disagreements with the Guidelines. Thus, the Court is not bound to follow the guidelines and does not have to impose a sentence based on acquitted conduct and the Court.

Mr. Bell objected to the Probation Officer's calculation of the his base offense level as it robotically uses "relevant conduct" in its calculation. Mr. Bell also objected the Probation Officer's enhancements that are based exclusively on the testimony of government witnesses and allegations. Mr. Bell draws the Court's attention to both the United States and the Probation Officer's inclusion of an enhancement for obstruction of justice based on the testimony of the O'Brian's – Brittany and Charlotte. At trial both O'Brians stated clearly that they were not intimidated by Mr. Bell. Further the United States played a tape recorded conversation of Mr. Bell speaking to the mother of his child on his child's birthday. Mr. Bell can be heard to say that he went to the O'Brian's to ask Brittany if she knew about the shooting. This tape was moved into evidence by the government. Mr. Bell lodged additional objections and accordingly maintains that the proper guideline level for is Level 24.

In *United States v. Watts*, 519 U.S. 148 (1997) The Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct <u>underlying</u> the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Id.* at 157. However, the Supreme Court does not mandate the use acquitted conduct. In any event the acquitted conduct must be underlying conduct not all conduct the government claims Mr. Bell has committed over the course of his life.

This Court must consider that under the government's theory the Court should sentence Mr. Bell to a sentence at least six times the length of sentence called for under the guidelines. The government bases its request on the massive quantity of drugs attributable to Mr. Bell by the government's witnesses. Importantly, the Probation Officer also bases his inclusion of acquitted conduct in his calculation on the government witnesses. Neither the Probation Officer or the government consider the testimony of Mr. Bell's witnesses. Mr. Bell's witnesses who had absolutely no reason to fabricate their testimony all uniformly said that Mr. Bell was not in the circle selling crack cocaine. In fact, Mr. Bell is never seen in the video taped recordings presented by the government.

The government bears the burden of producing evidence from which the district court can make a reliable finding. United States v. Sumner, 325 F.3d 884, 890 (7th Cir. 2003). The government has certainly failed to do produce reliable evidence. Each of the witnesses relied upon by the government to support a finding that Mr. Bell was in some way connected to the distribution 1.5 kilograms of crack were either crack addicts or were offering testimony in exchange for time off their potentially lengthy sentences. Accordingly, the court should not sentence Mr. Bell to 292 months but rather the Court should impose a sentence in a range

consistent with Mr. Bell's offense level and criminal history.  Offense level 24 and a criminal history category of I.

      Respectfully submitted,

_____
James W. Beane, Jr.

636 Baronne Street
New Orleans, Louisiana, 70113

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Aid of Sentencing was served via the Court's ECF system this 1st day of May, 2008, on Assistant United States Attorney, Glenn Leon.

James W. Beane, Jr.