UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-CR-100-2 (rwr) |
| v. : | |
| : | |
| DAVID WILSON : | |
| : | |

**SUPPLEMENT TO MOTION FOR CONSIDERATION OF STILL PENDING MOTIONS, FOR A NEW TRIAL AND FOR A JUDGMENT OF ACQUITTAL**

David Wilson, by and through undersigned counsel, respectfully submits the following to supplement, as allowed by this Court pursuant to December 9, 2009 order, his previously filed Motion for a New Trial. In further support of this motion, counsel states the following:

In October, 2009, the defense located additional information that is also material that the defense contends was known by the government, was not known to the defense team until October 26, 2009 and should have been disclosed to Mr. Wilson prior to trial. See Exhibits 4-11.

Counsle submits that contained within this information are several prominent pieces of information that should have been disclosed to defense counsel prior to and/or during trial:

(1)     Further information that the government had – in addition to the 9/14/1998 statements of Bradley Carter to Detective Konstantinos Giannakoulias disclosed on May 22, 2007 and the 8/19/1998 statement of Patrice Johnson (and her 2005 grand jury), which corroborates Bradley Carter's statement that Teeny Man was present, disclosed in June 2007 to the defense – that there was also an identification of Teeny Man on August 19, 1998 by Ms. Johnson, which would have also been used by the defense to corroborate Mr. Carter's statements to Det. Giannakoulias.  Exhibit 4.

1

(2)     A summary of the interview of Bobby Capies on May 13, 1999 (Exhibit 5) which details his alleged discussion with Draino and Lt while at Lorton about the shooting of Squid (Ronnie Middleton) – where he does *not* mention talking to David Wilson and notes from interviews – some of which at least appear to be notes of interviews of Bobby Capies where he also does not mention any conversations with David Wilson concerning the murders of Middleton and Bradley.  Exhibit 6.  These should have been disclosed as prior inconsistent statements of Bobby Capies.

Not to mention, contrary to the government's position before this court and in response to Counsel's motions to unseal Mr. Capies felony matters in Superior Court, Mr. Capies' cooperation in 1999 *does* seem to be inextricably intertwined with his cooperation in his federal court case – and the fact that he did *not* disclose the conversation with Mr. Wilson at the time is an area counsel would have clearly gone into – since apparently by the time he provided Mr. Wilson's name, both LT and Draino were dead.  This also all seems to impeach Mr. Capies' testimony that he did not trust and was not truthful with the police in 1999 – clearly he could probably say that he did tell some truthful information to law enforcement then.  Clearly the government should not have blocked defense access[1] to information about his cooperation in the other cases in Superior Court and should also have disclosed information about this cooperation to the defense.

(3)     Detective Will's running resume of the use of a confidential informant that appears to have spoken with a person taking responsibility for the murders of Middleton and Bradley who apparently makes no mention of Mr. Wilson and it is appears that the person who

---

[1] Based on these materials, counsel will be renewing her motion for access to sealed portions of Mr. Capies' Superior Court matters and may seek to further supplement this information after

2

wore the wire for the police was Bobby Capies – the time coinciding with Mr. Capies' June 1, 1999 release to cooperate with homicide investigators. Exhibit 7.

  (4) Evidence contradicting the testimony of Detective Webb (Trial Transcript Pages 14634-14685):

    a. The statement of MPD Officer James Craig, who was in the position to hear Mr. Middleton make any statements and did not hear any, contrary to the testimony of Det. Webb during this trial who stated that he had a conversation with Mr. Middleton. Exhibit 8.

    b. The statement of MPD Officer L. West who states that Mr. Middleton said 1523 Congress Place SE was where he was shot, contrary to Detective Webb who testified that Mr. Middleton said 1527 Congress Place SE. Exhibit 9.

  (5) Further information contracting the government's theory that Mr. Middleton was responsible for the death of Maurice Doleman which was therefore the motive for the shooting of Mr. Middleton (and Ms. Bradley). Exhibit 10.

  The materials uncovered by the defense is favorable information that should have been disclosed to the defense either prior to trial (Exhibits 1,2, 3,4,10) for effective use by the defense in investigation2 or prior to cross examination of the pertinent witness for proper impeachment (Exhibit 5,6,7,8,9).

---

receipt of that sealed information.

[2] Counsel would note that the non-disclosure of evidence impeaching the government's case in what was a capital case makes this non-disclosure even more troubling - the double homicide was a murder for which the government was seeking and filed death notices for Mr. Wilson. Much of this information should also have been disclosed in a timely manner for counsel's submission to the Attorney General.

WHEREFORE for the reasons stated by counsel in the incorporated motions filed during trial (See Exhibits 1 and 2) and in the motion and the reply and on the evidence attached to those pleadings and this, counsel submits that Mr. Wilson should receive a new trial on the counts 31 and 33.

                                                                            Respectfully Submitted

                                                                            _____/s/_____  
                                                                            JENIFER WICKS  
                                                                            The Law Offices of Jenifer Wicks  
                                                                           The Webster Building  
                                                                            503 D Street, N.W., Suite 250A  
                                                                            Washington, DC 20001  
                                                                            (202) 393-3004

EXHIBITS:

- 4       WACIIS report
- 5       May 13, 1999 interview of Bobby Capies
- 6       Notes
- 7       Running Resume
- 8       Statement of James Craig
- 9       Statement of L. West
- 10     Maurice Doleman Case Summary