# **EXHIBIT L**

Case 1:05-cr-00100-RWR   Document 1510-12   Filed 02/05/14   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Crim. No. 05-00100-07(RWR) |
| v. : | |
| **JASMINE BELL,** : | |
| **Defendant.** : | |

### DECLARATION OF JOSEPH BESHOURI

Pursuant to 28 U.S.C. § 1746, Joseph Beshouri declares as follows:

1. Pursuant to the Court's Order dated June 22, 2012, waiving the attorney-client privilege and the confidentiality provisions of Rule 1.6 of the D.C. Rules of Professional Conduct, I do hereby state the following regarding the allegations raised by my former client, Jasmine Bell, in his motion pursuant to 28 U.S.C. § 2255 in the above-captioned case. I received my J.D. from Catholic University of America, Columbia School of Law, in 1986, and I am currently licensed to practice law in the District of Columbia and Maryland. I was a practicing criminal defense attorney until March 2009 when I became a Magistrate Judge for the Superior Court of the District of Columbia. At the time of my representation of Mr. Bell, criminal defense work comprised 95% of my practice. As such, I am fully aware of the obligations of counsel in connection with the representation of a client at every stage of a criminal proceeding, including the filing of a notice of appeal.

2. On August, 4, 2006, six defendants, including Jasmine Bell, entered into a "global," "wired" conditional plea before this Court, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Each of these six defendants pled guilty to Count Two of the Superseding Indictment, which charged conspiracy to engage in racketeering, in violation of 18 U.S.C. § 1962(d). Mr. Bell and the United States agreed that the appropriate sentence in this case was 135

to 168 months of imprisonment, and the plea agreement was contingent not only on the Court accepting the parties' sentence recommendation, but it also was contingent on Mr. Bell's co-defendants accepting the government's plea offer. On December 1, 2006, this Court accepted the Rule 11(c)(1)(C) plea agreement, and sentenced Mr. Bell to a term of 146 months of imprisonment, followed by a 60-month term of supervised release.

3. I have read Mr. Bell's § 2255 motion and related letters, in which he alleges that I provided ineffective assistance of counsel by (1) failing to file a notice of appeal, as instructed by Mr. Bell, based on the Court's purported failure, during the sentencing hearing, to rule on Mr. Bell's motion for a downward departure pursuant to U.S.S.G. § 5G1.3, and (2) misinforming Mr. Bell that no appeal was necessary because the Court had awarded Mr. Bell credit for his time in custody.

4. I have no recollection of Mr. Bell instructing me to file an appeal after he was sentenced, whether timely or not, and I did not otherwise file one on his behalf. Consistent with my litigation practices, had Mr. Bell requested that I file an appeal, I would have timely filed a notice of appeal and then sought an appointment by the Federal Public Defender of an attorney to prosecute the appeal. Furthermore, I do not recall any correspondence from, or conversations with, Mr. Bell regarding the filing of an appeal or wherein he indicated that he believed a notice of appeal should have been filed. I have some recollection of a conversation with Mr. Bell, memorialized in a note in my case file, during which he told me that the Bureau of Prisons was not giving him full credit for time spent in detention in his federal case, but never a conversation about appealing the Court's decision not to depart pursuant to U.S.S.G. § 5G1.3. Finally, I did not tell Mr. Bell that an appeal was unnecessary because the Court had awarded him credit for his time in custody, whether in custody on the writ that brought him to the District or in custody

during the several years that preceded his arrival on the writ, the latter being the subject of the downward-departure argument made at sentencing pursuant to U.S.S.G. § 5G1.3.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
JOSEPH E. BESHOURI

_____
DATE

3